DANIEL STEIN, APPELLANT, v. CHARLES WEBB
HOWARD ET AL., TRUSTEES OF SPRING VALLEY
WATER WORKS, A CORPORATION, RESPONDENTS.

CORPORATION — INCREASE OF CAPITAL STOCK — CONSTITUTIONAL LAW.—An increase
of the capital stock of a corporation, and the issuing of additional shares, to be
sold at a price less than the nominal par value of the stock, to supply a fund
actually required for the use of the corporation, is not a "fictitious increase of
the stock," within the meaning of article xii., section 11, of the Constitution.

APPEAL from an order of the Superior Court of the city and
county of San Francisco, refusing an injunction.

The Spring Valley Water Works, a corporation, was organized
in 1858, and the proceedings for the increase of stock, mentioned
in the opinion of the court, were taken in accordance with the
Statute of 1853, which was in force at the date of the incorpora-
tion. The other facts are stated in the opinion of the court.

*Rosenbaum & Scheeline,* for Appellant.

*Fox & Kellogg,* and *Newlands & Allen,* for Respondents.

MYRICK, J.—The complaint in this case was filed by a
stockholder for the purpose of enjoining the trustees of the
Spring Valley Water Works, a corporation, from issuing and
selling twenty thousand shares of stock. The capital stock of
the corporation was eight million dollars, divided into eighty
thousand shares, of the nominal value of one hundred dollars
each. At a meeting of the stockholders, duly called, held on
the 6th of July, 1876, it was resolved (more than two thirds of
the capital stock being represented, and the vote being unani-
mous as to all present) that the capital stock be increased to
sixteen million dollars, to be divided into one hundred and
sixty thousand shares of one hundred dollars each. At a
regular meeting of the board of trustees held April 1, 1884, it
was resolved by the board that the president and secretary be
authorized to issue and sell twenty thousand shares of the
increased stock of the corporation at eighty-seven and one-half
dollars per share, the stockholders to be entitled to purchase one
share of stock for every four shares which they then owned.

The answer of the defendants averred that the corporation had already expended and paid out, in the construction of its works, and in the purchase of property necessary therefor, a sum of money in excess of the eight million dollars, for which certificates of stock had been issued, and of two million dollars, for which the proposed certificates were to be issued, and that the increase of the stock was *bona fide*, and for the purpose of selling the increased stock from time to time to raise funds for the purpose of extending and increasing the capacity of the works of the corporation; that for the protection of the property of the inhabitants of the city and county of San Francisco, and for supplying said inhabitants with an abundance of water, it had become, and was necessary, that the property and capacity of the works of the corporation should be at once increased; and that the corporation had already entered into contracts involving the expenditure of more than half a million dollars for the purchase of property necessary to the extension and increase, and that it was necessary to construct a new aqueduct and line of pipe for more than twenty-five miles; that the contemplated expenditure would amount to two millions of dollars; that for a long time past the stock of the corporation had fluctuated in the market, some days being as low as eighty-three dollars, and other days as high as ninety dollars per share, and that on the said 1st day of April, 1884, the market value was eighty-seven and a half dollars per share, and no more; that the proposed sale of the increased stock was for the purpose of raising funds for the purposes aforesaid, and that the price named is the highest price which can be obtained.

The Civil Code of this State, section 359, makes provision for an increase of the capital stock of an incorporation.   The Constitution of this State contains the following prohibition in article xii., section 11 : "No corporation shall issue stock or bonds except for money paid, labor done, or property actually received, and all fictitious increase of stock or indebtedness shall be void."   The question for decision on this appeal is, whether the stock proposed to be issued and sold will create a fictitious increase of stock.   Webster's Dictionary defines the word "fictitious" to mean feigned, imaginary, not real, counterfeit, false, not genuine.   The circumstances under which the stock

is proposed to be issued and sold, as above stated, are, that the corporation has actual need of money for the purposes of its business, that the stock is proposed to be sold at the actual market value of the stock of the corporation, and to be sold only in such quantities as may produce the requisite funds. Under such circumstances, we think, it cannot be held that the issue is fictitious. Perhaps it might be asked at what price should stock be offered for sale in order to make the issue fictitious. We apprehend that no direct and positive answer can be given. The Constitution has given no definition of the word "fictitious"; it has not declared what was meant by the use of that word, further than what the word itself implies, taken in connection with the context. We apprehend that in ascertaining the purport of the word, or rather its application, we must take into consideration the surrounding circumstances. Of the stock proposed to be issued, *there is no one share* upon which a person can place his finger and say that share is or will be feigned, imaginary, not real, counterfeit, false, not genuine. Each share is offered at a price equal to the price of any one of the old shares. So far from the new shares being fictitious as to the old shares, it may be that burdens which would otherwise rest on the old shares, to wit, the payment of the corporation debts, will be entirely removed by the application of the funds realized, or shared in *pro rata* by the new shares. We cannot say but that this removal of such burdens, or the sharing therein, will be of the value of the discount in the price at which the new shares are proposed to be sold, or increase the actual value of the old shares to their par value. It may very properly be said that the use of the word "fictitious" in the Constitution, as above quoted, was as in contrast with the preceding sentence —as if to say, that stock issued for money paid, labor done, or property actually received (price not named) is not fictitious.

We do not think the issue or sale of the stock in question is within the prohibition of the Constitution. Order affirmed.

MORRISON, C. J., ROSS, J., SHARPSTEIN, J., and McKINSTRY, J., concurred.